In the Matter of the Application of JASPER W. TRAVIS, Appellant, for a Writ of Mandamus.

JOHN M. TERWILLIGER, as Village Clerk of the Village of Ossining, Respondent.

*Election in the village of Ossining to fill a vacancy in the office of trustee — when the duty of calling it devolves upon the village trustees and not upon the clerk.*

Where an election held to fill the office of a trustee of the village of Ossining, whose term expired on the day of the election, results in a tie vote, a special election must be had, and, until such election is held, the trustee whose term has expired will hold over by virtue of section 5 of the Public Officers Law (Laws of 1892, chap. 681).

Under subdivision 22 of section 33 of the village charter (Laws of 1896, chap. 83, as amd. by Laws of 1897, chap. 496), the duty of calling such special election devolves upon the trustees of the village.

Section 9 of the charter, empowering the clerk of the village to appoint the time and place for holding a special election, only relates to cases where there are no other officers who can act in the emergency.

APPEAL by the petitioner, Jasper W. Travis, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 2d day of May, 1903, denying the petitioner's motion for a peremptory writ of mandamus.

*Frank L. Young*, for the appellant.

*Smith Lent*, for the respondent.

GOODRICH, P. J.:

The applicant made a motion for a peremptory writ of mandamus commanding the village clerk of the village of Ossining, county of Westchester, to call a special election for the election of a village trustee for the first ward. The court denied the motion and the applicant appeals.

The term of office of Sylvester E. McNeal, as trustee, expired on March 10, 1903. On that day an election was held to elect his successor. McNeal and Phillip H. Fleck were candidates for the office. The inspectors of election filed a certificate that McNeal had received one hundred and ninety-six votes, and Fleck one

hundred and ninety-three votes, and that they had rejected eighteen ballots. . The board of trustees issued a certificate of election to McNeal. Fleck applied for and obtained a writ of mandamus from Mr. Justice MADDOX requiring the eighteen ballots to be produced before him, and upon the hearing the justice determined that nine of the ballots should be counted, three of these nine for McNeal and six for Fleck, and directed that the inspectors meet and make a corrected return. This order was complied with in April, and a certificate filed.

As no candidate was elected, McNeal continues in office until his successor is elected under the Public Officers Law (Laws of 1892, chap. 681). Section 5 of that act reads as follows : " Holding over after expiration of term.— Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the Constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified ; *but after the expiration of such term the office shall be deemed vacant for the purpose of choosing his successor.* An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

As there was a tie vote there was no election of a trustee, and a vacancy in the office of village trustee had occurred. McNeal merely holds the vacant office until some person shall have been elected to succeed him. The charter requires periodic elections, and practically there has been no election. The electors should have the right to elect a trustee, and a new election must be had.

The petition prays for a writ commanding the clerk to call a special election. This raises the question whether the clerk is the proper officer to perform that duty. If he is not, then the motion was properly denied.

The charter of the village of Sing Sing (now Ossining, by chapter 183 of the Laws of 1901) is chapter 83 of the Laws of 1896, as amended by chapter 496 of the Laws of 1897. Section 5 of the

charter provides that the officers of the village shall consist of a president, nine trustees, a clerk and other officers, and section 6, together with section 18, provides for the election of the president and trustees at an annual election on the second Tuesday of March.

Section 33, subdivision 22, empowers the trustees "to call all annual or special elections."

So far as appears in the record the president and trustees are still in office, and no reason is shown why a writ should have been issued to the clerk commanding him, instead of the trustees, to issue a call for the special election.

It is contended that under section 9, where there has been a failure to elect a president or trustees, or where from any cause there are no president or trustees, the clerk shall appoint the time and place for holding a special election, but this evidently relates to cases where there is no body of officers or persons other than the clerk, who can act in such an emergency. It has no relation to a failure to elect a single trustee where the other officers are in office and have power to call a special election.

It follows that the issuance of a writ to the clerk was properly denied.

The order should be affirmed, with ten dollars costs and disbursements.

WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.